*Time: 9:30 a.m.*

**ROSEN & ASSOCIATES, P.C.**
*Counsel to LAK3, LLC*
747 Third Avenue
New York, NY 10017-2803
(212) 223-1100
Sanford P. Rosen
Paris Gyparakis

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: <br><br> SEAN M. DUNN, <br><br> Debtor. | Chapter 7 <br><br> Case No. 18-36566 (CGM) |
| LAK3, LLC, <br><br> Plaintiff, <br> v. <br><br> SEAN M. DUNN, <br><br> Defendant. | Adv. Proc. No. 18-09038 (CGM) |

**REPLY OF LAK3, LLC TO DEBTOR'S OBJECTION TO MOTION TO VACATE ORDER DISMISSING CASE FOR FAILURE TO PROSECUTE**

LAK3, LLC ("**LAK3**"), a creditor of Sean M. Dunn, the above-captioned debtor (the "**Debtor**"), through its undersigned counsel, Rosen & Associates, P.C., submits this reply (the "**Reply**") to the Debtor's objection (the "**Objection**") [Adv. Proc. Doc. No. 29] to the *Motion of Lak3, LLC to Vacate Order Dismissing Case For Failure to Prosecute* (the "**Motion**") [Adv. Proc. Doc. No. 23], and in further support of the Motion, respectfully represents as follows:

**PRELIMINARY STATEMENT**

1. The Debtor's Objection is meritless. Trying to seize the opportunity to dismiss this proceeding, the Objection is replete with mischaracterizations regarding the

procedural history of these proceedings and relies on caselaw that is starkly distinguishable from the case at bar.

2. As detailed in the Motion and set forth below, the facts of this case do not warrant the severe sanction of dismissal under Rule 16 of the Federal Rules of Civil Procedure (the "**Federal Rules**"). In fact, dismissal of this proceeding would be manifestly unjust, as LAK3 has been actively prosecuting this proceeding since its inception.

3. Under the circumstances, LAK3 respectfully requests the entry of an order vacating the *Order Dismissing Case For Failure to Prosecute* entered December 10, 2019 [Adv. Proc. Doc. No. 21] (the "**Dismissal Order**"), as for such other and further relief as this Court deems just and proper.

## ARGUMENT

### I. LAK3 DID NOT FAIL TO APPEAR AT ANY PRETRIAL CONFERENCE

4. The Debtor argues that LAK3 failed to appear at both the September 17, 2019 and November 19, 2019 pretrial conferences, was not in a position to discuss the status of the litigation and thus "thwarted this Court's ability to manage the progress of this litigation." *See* OBJECTION ¶¶ 11-14 and 2. However, this could not be further from the truth.

5. It is indisputable that LAK3 appeared and participated telephonically at the September pretrial conference. LAK3 notes that the transcript of that pretrial conference evidences the Court's awareness of LAK3's participation. *See* OBJECTION, EX. B: TR. OF SEPT. 17 PRETRIAL CONF. Given that this Court condones telephonic appearances, the Debtor's implication that LAK3's failure to appear in person was tantamount to not appearing at all is a misstatement of the record.

6. As discussed in the Motion, the Dismissal Order is premised upon the Court's mistaken belief that LAK3 did not appear at the November 19th pretrial conference. However, counsel to LAK3 intended to participate telephonically (not just listen), and properly sought and obtained permission to do so, but ultimately was only authorized to participate in "listen only mode," and thus, could not be heard. *See automated email to Chambers dated November 16, 2019,* annexed hereto as *Exhibit A*, evidencing counsel's request to appear telephonically in "live participation" mode; *see also* MOT., Ex's A-C.

7. These facts are markedly different than those in the cases cited by the Debtor. *Cf. Garcia v. City of New York,* No. 17-CV-6068-JBW-SJB, 2019 WL 4199855, at *4 (E.D.N.Y. Sept. 5, 2019) (plaintiff failed to comply with three court orders and to appear at two conferences); *In re Magness*, No. 8:16-BK-14257-MW, 2018 WL 3115768, at *5 (Bankr. C.D. Cal. June 22, 2018) (defendant failed to appear at two pretrial conferences, was unprepared to participate in an earlier pretrial conference and failed to file a unilateral pretrial stipulation); *and Meyers v. New York Presbyterian Hosp.,* No. 10 CV 3819 CBA LB, 2011 WL 3924883, at *1 (E.D.N.Y. July 21, 2011) (plaintiff failed to appear at two pretrial conferences, the court re-scheduled the conference and ordered plaintiff to show good cause for his failure to appear).

**II.     DISMISSAL IS UNWARRANTED AND MANIFESTLY UNJUST UNDER THE CIRCUMSTANCES**

8. Under Rule 16 of the Federal Rules, applicable to this proceeding through Rule 7016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), courts have the power to impose sanctions for a party's failure to appear at, or substantially participate in a pretrial conference. *See* FED. R. CIV PRO 16(f); FED. R. BANKR. P. 7016.

9. However, dismissal is the "harshest of sanctions" reserved for use "only in [the most] extreme situations." *Baptise v. Summers,* 768 F.3d 212, 216-17 (2d Cir. 2014); *see also*

*Salahuddin v. Harris,* 782 F.2d 1127, 1132 (2d Cir. 1986); *Thrall v. Cent. New York Regional Transp. Authority,* 399 Fed. Appx. 663, 665-66 (2d Cir. 2010) (dismissal is a 'pungent, rarely used' remedy of last resort to be employ[ed] only when [the court] is sure of the impotence of lesser sanctions'") (citing *Martens v. Thomann,* 273 F.3d 159, 179 (2d Cir. 2001) (discussing dismissal under Federal Rule 41(b)).

10. The primary rationale for the court's authority to dismiss for failure to prosecute is to ensure the "efficient administration of judicial affairs" and "[provide] meaningful access for other prospective litigants to overcrowded courts." *Lyell Theatre Com. v. Loews Com.*, 682 F.2d 37, 42 (2d Cir. 1982).

11. As such, considering its "oft-stated preference for resolving disputes on the merits," (*Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993)), the Second Circuit has cautioned against dismissal on the court's own motion for failure to prosecute, when the imposition of lesser sanctions "would have been more than sufficient to vindicate the court's authority to […] achieve the orderly and expeditious disposition of cases." *Schenck v. Bear, Steams & Co.*, 583 F.2d 58 (2d Cir. 1978) (citing *Link v. Wabash R. Co.,* 370 U.S. 626, 633 (1962)).

12. In determining whether dismissal for failure to prosecute is warranted, the Second Circuit Court of Appeals has held that the following factors should be considered: (i) the duration of the plaintiffs' failures; (ii) whether the plaintiff received notice that further delays would result in dismissal; (iii) whether an appropriate balance has been struck between alleviating the court's calendar congestion and protecting the litigants' due process rights; and (iv) whether lesser sanctions would be appropriate. *See S. New England Tel. Co. v. Glob. NAPs Inc.,* 624 F.3d 123, 144 (2d Cir. 2010)*; see also Scott v. County of Erie*, 2007 U.S. Dist. LEXIS 83499, 2007 WL

4

3353290, at *2 (W.D.N.Y. November 11, 2007); *Davidson v. Bennis*, 2012 U.S. Dist. LEXIS 87171, 9-10 (W.D.N.Y. June 21, 2012).

13. Under the standard set forth above, this case does not merit the "pungent" sanction of involuntary dismissal.

### *(i) Any Delay in Prosecution Attributable to LAK3 is Not Sufficient to Warrant Dismissal*

14. With respect to the first factor, courts inquire whether the alleged failures to prosecute were of significant duration. *See United States ex rel. Drake v. Norden Sys., Inc.,* 375 F.3d 248, 255 (2d Cir. 2004).

15. The Debtor contends that delay warrants dismissal because "this adversary proceeding has been pending for almost a year." OBJECTION ¶ 18. This argument however, is misplaced. The Debtor appears to presume that the entire duration of this proceeding warrants consideration under this factor; however, it is only the duration of time imposed by the alleged *failure to prosecute* that matters.

16. According to the Dismissal Order entered on December 10, 2019, the alleged failure to prosecute is a result of, "Plaintiff having failed to appear [at the] hearing on November 19, 2019." *See* DISMISSAL ORDER ¶ 1.

17. Assuming, *arguendo,* LAK3 failed to appear at the November 19th pretrial conference, which it did not, any delay that resulted is certainly not of a duration that would warrant the extreme sanction of dismissal. *See, e.g., LeSane v. Hall's Sec. Analyst, Inc.,* 239 F.3d 206, 210 (2d Cir. 2001) (vacating dismissal where "although plaintiffs prosecution of his case had been less than ideally efficient for over a year, his actual non-compliance with the district court's order – the failing that caused the district court to dismiss his case – was barely a month old"); *Lucas v. Miles,* 84 F.3d 532, 535 (2d Cir. 1996) ("While it is possible to imagine how [39 day]

delay could be significant, [it is] not in this case."); *Grande v. Gristede's Food's, Inc.,* No, 11 Civ. 777, 2011 U.S. Dist. LEXIS 116388, at *15 (S.D.N.Y. Oct. 7, 2011) ("Because Grande appears to have a continued interest in prosecuting his case, the three-month delay is far too short to warrant the drastic remedy of dismissal.").

18.     Any delay attributable to LAK3's alleged failure to attend the pretrial conference would be inconsequential. As the Court is aware, it granted LAK3 stay relief to prosecute its action against the Debtor in the state court, and the parties anticipate that this Court will adopt the findings and conclusions of the state court to adjudicate this adversary proceeding. Indeed, LAK3 has been diligently prosecuting its action in the state court and notes that trial has been scheduled to commence March 20, 2020. *See* Mot., Ex. D: Decl. of Michael R. Gordon.

### *(ii) LAK3 Had No Notice That Its Activities Could Result in Dismissal*

19.     Assuming, *arguendo,* that LAK3 unjustifiably delayed in prosecuting its case by not appearing on November 19th, dismissal is also not warranted because there has been no warning that it was at risk of dismissal. As the Second Circuit held in *Baptiste*: "[D]ismissal must be preceded by particular procedural prerequisites, including notice of the sanctionable conduct, the standard by which it will be assessed, and an opportunity to be heard." *Baptiste,* 768 F.3d at 216-18 (dismissal not warranted where delay preceded any warning of the consequences and counsel's failure to provide explanation for delay).

20.     Here, the Court has never indicated that it was considering the dismissal of this adversary proceeding for any reason. *See Drake,* 375 F.3d at 255-256 ("The question we must answer here is whether Drake received notice that further delays would result in dismissal") (internal quotations omitted).

21.     The cases cited by the Debtor are all distinguishable because in those cases, the Court explicitly warned the party that failure to appear could result in dismissal. *See Garcia v. City of New York*, 2019 WL 20194199855, at *5 (E.D.N.Y. Sept. 5, 2019) (plaintiff was warned in court's order to show cause that if he failed to appear at the next status conference "the Court may be forced to impose a sanction[,] which could include dismissal of his case"); *Johnson v. New York City,* No. 14 CV 4278 (KAM)(LB), 2015 WL 12999661, at *2 (E.D.N.Y. Jan. 12, 2015) (the Court explicitly warned plaintiff, "both verbally and in writing, that [the court] would recommend that her case should be dismissed if she failed to appear"); *Meyers v. New York Presbyterian Hosp.,* No. 10 CV 3819 CBA LB, 2011 WL 3924883, at *1 (E.D.N.Y. July 21, 2011) (court ordered plaintiff to show good cause for his failure to appear).

### *(iii) A Balance of LAK3's Due Process Rights and the Court's Interest in Managing its Docket Do Not Favor Dismissal*

22.     Under the third factor, the Court must consider whether a party's delay has "impacted the trial calendar or otherwise impeded the court's work." *See Drake,* 375 F.3d at 257. In *Baptiste,* the Second Circuit distinguished between delays that are "silent and unobtrusive" versus "vexatious and burdensome." *Baptiste,* 768 F.3d at 218. The court required some "compelling evidence of an extreme effect on court congestion," instead of mere inactivity that did not result in "swamp[ing] the court with irrelevant or obstructionist filings." *Id*. (quoting *LeSane,* 239 F.3d at 210).

23.     Here, LAK3 submits that no delay has resulted that has taxed the Court's resources or increased court congestion enough to subrogate its due process rights. *See Valentin v. Dinkins*, 121 F.3d 72, 75 (2d Cir. 1997) ("For all that appears from the district court's order of dismissal, the court did not balance plaintiffs right to due process."); *see also Lucas*, 84 F.3d at 535-36 ("There must be compelling evidence of an extreme effect on court congestion before a

7

litigant's right to be heard is subrogated to the convenience of the court."). As mentioned, this Court is awaiting the disposition LAK3's case against the Debtor in the state court, upon which the parties will rely to adjudicate this proceeding.

### *(iv) Lesser Sanctions Were Available*

24. Finally, assuming, *arguendo,* that LAK3 unjustifiably delayed in prosecuting this proceeding, because lesser sanctions were available, the Dismissal Order was not warranted and should be vacated.

25. The Second Circuit has repeatedly stated that courts must explicitly consider the alternatives to dismissal, and has vacated orders of dismissal when the lower court failed to rule out a lesser sanction. *See Estate of Jaquez v. City of New York*, 541 Fed. Appx. 76,2013 WL 5645779, at *3 (2d Cir. 2013) (reversing order of dismissal where "dismissal hardly appears to have been the district court's only recourse in these circumstances" and recognizing that the failure to discuss alternative options is "an omission that has by itself prompted us to vacate and remand"); *Mitchell v. Lyons Profl Servs.*, 708 F.3d 463,469 (2d Cir. 2013) (vacating denial of writ of execution and remanding case where district court failed to explicitly consider alternatives to dismissal); *Hevner v. ViII. E. Towers, Inc*., 293 Fed. Appx. 56, 59 (2d Cir. 2008) (noting that the lower court "could have allowed the matter to progress to summary judgment with the understanding that [the] plaintiffs failure to [fully participate in discovery] would be a factor in deciding the summary judgment motion"); *LeSane,* 239 F.3d at 210 (vacating dismissal where court failed to consider lesser sanctions); *Jackson v. City of New York*, 22 F.3d 71, 76 (2d Cir. 1994) (vacating order of dismissal where the lower courts had not "previously sanctioned either party" or considered a lesser sanction).

**CONCLUSION**

26. LAK3 submits that because the Court's Dismissal Order is premised upon its mistaken belief that LAK3 did not appear at the November 19th pretrial conference, the Dismissal Order should be vacated, and, in any event, as discussed above, the facts of this case do not warrant the drastic sanction of dismissal.

**WHEREFORE**, LAK3 respectfully requests that the Court enter an order vacating the Dismissal Order and granting it such other and further relief as the Court deems just and proper.

Dated: New York, New York
January 27, 2020

**ROSEN & ASSOCIATES, P.C.**
*Counsel to LAK3, LLC*

By: */s/ Sanford P. Rosen*
Sanford P. Rosen
Paris Gyparakis

747 Third Avenue
New York, NY 10017 2803
(212) 223-1100