Avery Samet
AMINI LLC
131 West 35th Street, 12th Floor
New York, New York 10001
(212) 490-4700
asamet@aminillc.com
*Counsel for Plaintiff LAK3, LLC*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>SEAN M. DUNN,<br><br>       Debtor. | Chapter 7<br><br>Case No. 18-36566 (CGM) |
| LAK3, LLC,<br><br>       Plaintiff,<br>v.<br>SEAN M. DUNN,<br><br>       Defendant. | Adv. Proc. No. 18-09038 (CGM) |

## RESPONSE OF PLAINTIFF LAK3, LLC TO
## STATEMENT FILED BY DEFENDANT SEAN DUNN

Plaintiff LAK3 LLC ("LAK3"), hereby submits this response to the "statement" filed by the Defendant Sean Dunn in the above-captioned action on October 15, 2020 (Doc. No. 54). By its statement, Defendant seeks the imposition of sanctions "against [LAK3] or its former counsel" (Par. 5) arising from LAK3's counsel failure to attend a scheduled court hearing. LAK3 respectfully requests that sanctions should not be assessed against it, and in any event, not in the amount sought by Defendant.[1]

---

[1] LAK3 does not agree that it is proper for Defendant to seek sanctions by filing a "Statement."

1

**BACKGROUND**

1.  By Order dated December 10, 2019, this Court dismissed this adversary proceeding for failure to prosecute (the "Dismissal Order"). (Doc. No. 21). The Court ruled: "The Court having held a hearing on November 19, 2019 and Plaintiff having failed to appear, and considering Local Rule 9020-1…. the adversary proceeding is dismissed for failure to prosecute." (*Id*.).

2.  In connection with a motion to vacate that Order, former counsel to LAK3 asserted that he attempted but failed to attend to the hearing. (Doc. 24). Following the Court's denial of that motion (Doc. No. 34), LAK3 replaced its counsel with the undersigned. (Doc. No. 35).

3.  On September 1, 2020, the District Court reversed and remanded the Dismissal Order (filed in this proceeding as Doc. No. 51). The District Court's Decision and Order vacating this Court's prior orders dismissing this Adversary Proceeding (filed in this proceeding as Doc. No. 51) concluded by saying (at 13) "This is not to say that no sanction is warranted for counsel's rather cavalier attitude toward his responsibilities. The Bankruptcy Court remains perfectly free to impose one more appropriate to the offense."

**RESPONSE TO STATEMENT**

4.  The Defendant requests the imposition of monetary sanctions either "against [LAK3] or its former counsel." Given the District Court's reference to "counsel's rather cavalier attitude" as well as the lack of any suggestion that Mr. Rosen's failure to appear at the November 19, 2019 conference was encouraged by Plaintiff or even intended by Mr. Rosen to advance Plaintiff's litigation position, Plaintiff believes that any sanction should more appropriately be imposed on its former counsel rather than Plaintiff itself, as was done in the cases Defendant cites in paragraphs 27, 29 and 38 of his Statement.

5.  Second, it appears that only $600 of the $4,395 in attorneys' fees Defendant seeks relates to the November 19, 2019 hearing (Doc. No. 54-7).

6. $2,295, more than 50% of the attorneys' fees sought by Defendant relate to the preparation of this Statement in October 2020. This is excessive on its face as it even exceeds the attorney's fees sought. (Doc. No. 54-6, ¶7). Defendant submits no authority justifying charging LAK3 for the preparation of this Statement. Nor is there any indication that counsel will actually bill and Defendant will actually pay for the preparation of this Statement.

7. $1,500 relate to previous hearings in 2019 for which Defendant never complained, never sought sanctions and for which the Court did not sanction Mr. Rosen. (Doc. Nos. 54-6, -7). Defendant seeks $900 in sanctions for a September 2019 hearing that Mr. Rosen apparently attended telephonically, without any objection by Defendant. Defendant also seeks $600 in sanctions for an even earlier June 2019 conference which Mr. Rosen wrote to the Court apologizing for having failed to adjourn the conference earlier (Doc. No. 14). Defendant likewise did not object at the time.

## **CONCLUSION**

8. Thus, LAK3 respectfully requests that no sanctions be entered against it for the actions of its prior counsel. In the alternative, LAK3 submits that the sanctions sought by Defendant are excessive.

Dated: October 22, 2020  
      New York, New York

Respectfully submitted,

*/s/ Avery Samet*  
Avery Samet  
AMINI LLC  
131 West 35th Street, 12th Floor  
New York, New York 10001  
(212) 490- 4700  
asamet@aminillc.com  
*Counsel for Plaintiff LAK3, LLC*