**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>SEAN M. DUNN,<br><br>       Debtor. | Chapter 7<br><br>Case No. 18-36566 (CGM) |
| LAK3, LLC,<br><br>       Plaintiff,<br>v.<br><br>SEAN M. DUNN,<br><br>       Defendant. | Adv. Proc. No. 18-09038 (CGM) |

### DECLARATION OF SANFORD P. ROSEN IN RESPONSE TO STATEMENT OF SEAN M. DUNN CONCERNING IMPOSITION OF MONETARY SANCTIONS AGAINST DEFENDANT LAK3 LLC

**Sanford P. Rosen**, under penalty of perjury, pursuant to 28 U.S.C. § 1746, hereby declares as follows:

  1. I am a principal shareholder of Rosen & Associates, P.C., former counsel to LAK3, LLC, and am fully familiar with the facts set forth herein.

  2. I make this declaration in opposition to the imposition of sanctions against my firm or LAK3, LLC, for the reasons set forth herein.

  3. While Judge McMahon characterized my firm's attitude as "cavalier," her statement was apparently based upon her belief that we had failed to appear at scheduled pretrial conferences and had ignored this Court's direction to submit a scheduling order. In fact, the record demonstrates that we certainly intended to appear at each pretrial conference and did not intend to ignore any direction of this Court.

4. Regardless, we apologize to this Court and the debtor for any inconvenience we may have caused, and respectfully submit that under the circumstances, no sanctions are warranted.

5. As the Court is aware, since the entry of the *Order Granting Limited Relief from the Automatic Stay to Conclude the State Court Litigation* [Doc. No. 45] (the "**Stay Order**"), the parties as well as the Court understood that the above-captioned adversary proceeding would be held in abeyance pending the disposition of the state court action. Consequently, the pretrial conference in this adversary proceeding has been convened and adjourned on several occasions. *See* Adv. Proc. Doc. Nos. 8-13, 16, and 18-20.

6. Despite the debtor's counsel's representations to the contrary, the record is clear that we appeared and participated telephonically at the September 17th pretrial conference, although the transcript indicates that the Court may have been under the impression that our appearance was in "listen only" mode. *See Exhibit A*.

7. Moreover, it is clear that we intended to participate telephonically at the November pretrial conference and sought permission to do so in accordance with Chambers' rules. *See Exhibit B*.

8. In fact, prior to the November 19th pretrial conference, we were under the impression that the Court had given us permission to participate fully. Unfortunately, it was not until the conference was underway that we realized that the Court had authorized us to participate in "listen-only" mode and, thus, we could not be heard. We explained the foregoing to the Court in our letter of December 13, 2019, in which we asked the Court to reinstate the adversary proceeding. *See Exhibit C*.

9. With respect to the submission of a scheduling order, I respectfully submit that while the matter was indeed mentioned at the September 17th pretrial conference, we were under the impression that, although the Court first indicated it would require a scheduling order, the Court ultimately decided that it was not necessary in light of its own recollection that the adversary proceeding could not proceed to be litigated until the state court litigation was completed. Indeed, it appears from the transcript of the September 17th pretrial conference that the Court was prepared to accept a letter in its place, but ultimately decided to simply adjourn the pretrial conference:

> THE COURT: And Mr. Rosen is on listen only. We still need a scheduling order. ***But*** are you waiting for the outcome in state court? … Do you have any idea when you might get a response?
>
> MR. CUEVAS: I do not, Your Honor.
>
> THE COURT: Well then, why don't you come back and see me on 10/29, and just let me know what's going on.
>
> MR. CUEVAS: Your Honor, could we write a letter?
>
> THE COURT: Sure. And if you write a letter, you can come back and see me on 11/19 … Why don't we just put it back on, on 11/19 … and ***you don't have to write me a letter.***

*See Exhibit D* (emphasis added).

10. If we misunderstood the Court's intentions, we again apologize to the Court for any inconvenience we may have caused. We never intended to ignore any direction of this Court.

11. In light of the foregoing, I respectfully submit that no sanctions are warranted.

Dated: New York, New York
October 23, 2020

/s/ Sanford P. Rosen
Sanford P. Rosen