# AMINI LLC

Avery Samet
MEMBER NY BAR

212.497.8239
asamet@aminillc.com

March 16, 2021

**VIA ECF**

The Honorable Cecelia G. Morris
Chief United States Bankruptcy Judge
United States Bankruptcy Court
355 Main Street
Poughkeepsie, NY 12601
Poughkeepsie.orders@nysb.uscourts.gov

**Re:** **In re Sean M. Dunn, Case No. 18-36566 (CGM)**
**LAK3, LLC v. Dunn, Adv. Proc. No. 18-9038**

Dear Chief Judge Morris:

On behalf of plaintiff LAK3, LLC ("LAK3"), we write to respond to the status update letter filed by the debtor and defendant Sean Dunn ("Dunn") dated March 8, 2021 [Dkt No. 72] (the "Status Letter") in the above-referenced adversary proceeding. We oppose the request to vacate this Court's prior Orders and to impose an unfair, costly and unnecessary layer of additional discovery into this trial-ready action.

### I. The Status Letter Seeks to Undo This Court's Prior Orders

By Order dated March 22, 2019 [Dkt. No. 45] (the "Lift Stay Order"), this Court granted LAK3's motion to lift the automatic stay so as to allow LAK3 to proceed to trial against Dunn together with its largely overlapping claims against Dunn's brother, Gerry Dunn and Dunn's company Well Dunn Maintenance & Contracting pending in New York State Supreme, Westchester County (the "State Court Action"). The point of the Lift Stay Order was to avoid duplicative trials, discovery and motion practice so as to minimize the costs and burdens to all the parties and to both Court systems.

The following year, Dunn sought to vacate the Lift Stay Order [Dkt. No. 64], but on February 25, 2020, this Court denied that motion as well. [Dkt. No. 72]. Now Dunn seeks the same result again but without even bringing a motion. The Court should deny the request.

### II. The Reason the State Court Action Has Not Yet Been Tried Is Because of Dunn's Refusal to Allow for a Bench Trial

The State Court Action is fully trial-ready, having gone through discovery, summary judgment and numerous procedural and substantive motion practice, including at least one appeal.

Because the scheduling of jury trials has been delayed due to the Covid-19 pandemic, LAK3 moved to withdraw its jury demand. Were Dunn to agree to a bench trial, a trial in the State Court Action could be scheduled on approximately 30-days' notice.

Dunn has opposed a speedy bench trial and, in particular, has asserted that anything less would deprive him of his due process rights. Dunn successfully opposed LAK3's motion in the trial court arguing that "The denial of a jury trial would be a denial of due process for Mr. Dunn." (Ex. 1., Sep. 11, 2020 Letter, at p.2). Dunn then successfully argued against a calendar preference for LAK3's appeal of that ruling stating clearly "Mr. Sean Dunn desires a jury trial." (Ex. 2, Jan. 14, 2021 Opp. Mot. to Cal. Pref. at ¶ 17). Most recently, Dunn argued that:

> LAK3 has made serious allegations against Messrs. Sean Dunn and Gerald Dunn, including alleged fraud and diversion of trust funds. Messrs. Sean Dunn and Gerald Dunn have ardently stated that they desire a jury trial…. To provide relief to LAK3 by withdrawing its jury demand this Court would have to disregard CPLR 4102(a) and deny Messrs. Sean Dunn and Gerald Dunn a jury trial, which would be a denial of due process of law.

(Ex. 3, Jan. 22, 2021 Appellee Br. at p. 10) (internal citations omitted). The debtor should not be heard to demand a speedy bench trial after successfully delaying a bench trial on the grounds that due process required a jury to hear the claims.

### III. Bifurcating the Trials – and Reopening Discovery – Will Prejudice LAK3 and Inconvenience the Efficient Resolution of These Disputes

There should be one trial against both Dunn brothers and their company, Well Dunn Maintenance & Construction. The parties have prepared for a state court trial, under the N.Y. CPLR and the New York State rules of evidence. The State Court has made numerous pre-trial rulings. Forcing the parties – not to mention the Court systems – to try the same factual matters twice is highly costly, highly inefficient and risks inconsistent rulings. *See e.g. In re Sonnax Indus., Inc.*, 907 F.2d 1280, 1286 (2d Cir. 1990).

We separately oppose reopening this trial-ready case for additional discovery and based upon an abridged version of a report shared with us, we believe that Dunn intends to use expert discovery to redo the *fact* discovery undertaken in the State Court Action. Further, there is no reason for the parties to expend additional funds conducting expert discovery in this action.

The State Court Action is trial-ready and even if it proceeds to a jury trial, it awaits only scheduling. While we cannot predict when the State Court system will either schedule a jury trial

or order a bench trial, we have no reason to assume that it will occur on a substantially later time frame than that proposed by Dunn.[1]

      LAK3 similarly desires a speedy and efficient conclusion to this dispute, and without the need to add costly federal expert discovery to an otherwise trial ready case. The best way to do that is to complete the trial in the State Court Action against all three defendants in accordance with the previous Orders of this Court.

Respectfully submitted,

/s/ Avery Samet

Avery Samet

cc: All counsel of record

---

[1] *See* e.g., weekly coronavirus update provided by Chief Judge Janet DiFiore describing the statewide program to vaccinate judges and begin civil jury trials – albeit in a limited capacity – on Monday, March 15, 2021. (Ex. 4).