# EXHIBIT 1

Carlos J. Cuevas, Esq.
1250 Central Park Avenue
Yonkers, New York 10704
Tel. No. 914.964.7060
Email ccuevas576@aol.com

September 11, 2020

**VIA NYSCEF AND EMAIL**

Hon. Charles D. Wood,
Supreme Court Justice, 9th J.D.
Westchester County Courthouse
111 Dr. Martin Luther King Jr. Blvd.
White Plains, New York 10601

    Re: *LAK3, LLC, v. Dunn et al*,
       Index No. 61510/2017

Dear Honorable Sir:

    I am bankruptcy counsel for Defendant Sean Dunn. I am writing to Your Honor concerning the Plaintiff's request to withdraw its jury demand. Mr. Dunn does not consent to the Plaintiff's request to withdraw its jury demand. C.P.L.R. 4102(a) requires that the opposing party consent to a party's request to withdraw its jury demand, and it states:

> (a) Demand. Any party may demand a trial by jury of any issue of fact triable of right by a jury, by serving upon all other parties and filing a note of issue containing a demand for trial by jury. Any party served with a note of issue not containing such a demand may demand a trial by jury by serving upon each party a demand for a trial by jury and filing such demand in the office where the note of issue was filed within fifteen days after service of the note of issue. A demand shall not be accepted for filing unless a note of issue is filed in the action. If no party shall demand a trial by jury as provided herein, the right to trial by jury shall be deemed waived by all parties. <u>A party may not withdraw a demand for trial by jury without the consent of the other parties, regardless of whether another party previously filed a note of issue without a demand for trial by jury</u>. (Emphasis added).

N.Y. C.P.L.R. 4102(a).

      A leading treatise on New York civil procedure has made the following statements concerning C.P.L.R. 4102(a) and the attempt to withdraw a jury demand:

> CPLR 4102(a) provides that a party who has made a jury demand may not withdraw it unless all other parties consent. The provision protects a party who relies upon a jury demand made by another party and forbears from making a similar demand. (Footnotes omitted).

8 J. Weinstein, H. Korn & A. Miller, *New York Civil Practice: CPLR* ¶ 4102.05 (2020).

      Under these circumstances, the relief sought by the Plaintiff is precluded by the express language of C.P.L.R. 4102(a).  The denial of a jury trial would be a denial of due process for Mr. Dunn.  The right to a jury trial is a fundamental component of the American legal system.

      Thank you for your consideration.

                                          Respectfully submitted,

                                          /s/ Carlos J. Cuevas

                                          Carlos J. Cuevas

cc: Counsel of Record via NYSCEF and email