# EXHIBIT 2

SUPREME COURT OF THE STATE OF NEW YORK
APPELLATE DIVISION: SECOND DEPARTMENT
-------------------------------------------------------------------X

LAK3, LLC,

                                       Plaintiff-Appellant,     Appeal No. 2020-08763

-against-                                                     Index No. 61510/2017

SEAN DUNN, GERALD DUNN and WELL DUNN
MAINTENANCE & CONTRACTING,

                                       Defendant-Respondent.

-------------------------------------------------------------------X

## AFFIRMATION IN OPPOSITION TO MOTION FOR A CALENDAR PREFERENCE

      CARLOS J. CUEVAS, an attorney admitted to practice law before the Courts of the State of New York affirms under penalty of perjury:

1. I am counsel for Mr. Sean Dunn. Unless otherwise stated, I have personal knowledge of the facts contained in this Affirmation.

2. It is respectfully submitted that the LAK3, LLC's Motion for a Calendar Preference should be denied because it has failed to establish "good cause."

3. C.P.L.R. Section 5521(a) governs general calendar preferences, and it states:

> Preferences in the hearing of an appeal may be granted in the discretion of the court to which the appeal is taken.

N.Y. C.P.L.R. § 5521(a).

4. 22 N.Y.C.R.R. Section 1250.15(a)(2) which also governs general calendar preferences states:

> By motion. A party not entitled to a preference by law may move for a calendar preference for good cause shown.

1

22 N.Y.C.R.R. § 1250.15(a)(2).

5. A leading treatise on New York civil practice has made the following observations concerning C.P.L.R. Section 5521:

> CPLR 5521, in effect, belatedly adopts a suggestion that a "vast number" of preferences be eliminated, "leaving all cases to be heard in their order, applying the old familiar maxim 'first come, first served,' giving the right to the court for special and urgent reasons to advance a cause out of its order."

12 Jack Weinstein, Harold Korn & Arthur Miller, *New York Civil Practice: CPLR* ¶ 5521.01 (2021).

6. There are no special or urgent circumstances involved in this appeal.

7. LAK3 has failed to establish compelling circumstances warranting a calendar preference.

8. LAK3, LLC ("LAK3") has failed to establish "good cause."

9. It is the Affirmant's understanding that no trials are proceeding in Westchester County Supreme Court because of the COVID-19 pandemic.

10. It is the Affirmant's understanding that a new strain of COVID-19 that is more contagious has appeared in New York.

11. Although vaccines are now available, the vaccines have not been widely disseminated through the populace.

12. There is a further burden on the New York State judiciary because forty-seven senior jurists have been terminated.

13. This is not a case involving an elderly or infirmed person.

14. Rather, this case that simply involves a party that wants to "jump the line."

15. LAK3 made a strategic litigation to have a jury trial in New York State Supreme Court.

16. C.P.L.R. Section 4102(a) states:

> Any party may demand a trial by jury of any issue of fact triable of right by a jury, by serving upon all other parties and filing a note of issue containing a demand for trial by jury. Any party served with a note of issue not containing such a demand may demand a trial by jury by serving upon each party a demand for a trial by jury and filing such demand in the office where the note of issue was filed within fifteen days after service of the note of issue. A demand shall not be accepted for filing unless a note of issue is filed in the action. If no party shall demand a trial by jury as provided herein, the right to trial by jury shall be deemed waived by all parties. <u>A party may not withdraw a demand for trial by jury without the consent of the other parties, regardless of whether another party previously filed a note of issue without a demand for trial by jury</u>. (Emphasis added)

N.Y. C.P.L.R. § 4102(a).

17. Mr. Sean Dunn desires a jury trial.

18. LAK3 desires that this Court ignore the express language of C.P.L.R. Section 4102(a).

19. A leading treatise on New York civil practice has made the following statements concerning C.P.L.R. Section 4102(a):

> CPLR 4102(a) provides that a party who has made a jury demand may not withdraw it unless all other parties consent. The provision protects a party who relies upon a jury demand made by another party and forbears from making a similar demand. (Footnote omitted).

8 Jack Weinstein, Harold Korn & Arthur Miller, *New York Civil Practice: CPLR* ¶ 4102.05 (2021)

20. LAK3 takes a position that is contrary to a clearly written statute and rule.

21. LAK3 cites no precedent for its position.

22. LAK3 desires that this Court ignore the clear mandate of the New York State legislature.

23. Under these circumstances, LAK3's position is untenable, and therefore, its Motion for a Calendar Preference should be denied.

WHEREFORE, the Affirmant respectfully requests that this Court enter an order denying LAK3, LLC's Motion for a Calendar Preference and such other further relief as this Court deems

just and equitable.

Dated: Yonkers, New York
      January 14, 2021

                                                        */s/ Carlos J. Cuevas*
                                                        Carlos J. Cuevas

# APPENDIX

8 New York Civil Practice: C... Actions

Folders | Print | Email | Download | Send to Dropbox | Printer-friendly view

Go to  Go to    Search Document  Search Document

Copy Citation

New York Civil Practice: CPLR   ARTICLE 41 TRIAL BY A JURY   4102 Demand and waiver of trial by jury; specification of issues.   4102 ANALYSIS of CPLR 4102

# ¶ 4102.05 Demand May Not Be Withdrawn Without Consent

CPLR 4102(a) provides that a party who has made a jury demand may not withdraw it unless all other parties consent. **1** The provision protects a party who relies upon a jury demand made by another party and forbears from making a similar demand. **2** Prior to its amendment in 1990, CPLR 4102(a) was held not to protect a party who filed a note of issue and expressly specified that the case should be tried without a jury. **3** The effect of these decisions in cases when the plaintiff had filed a note of issue without demanding a jury was to permit a defendant to file a jury demand which could later be unilaterally withdrawn on the eve of trial or even after a jury panel was seated. **4** Accordingly, CPLR 4102(a) was amended upon the recommendation of the Advisory Committee in 1990 **5** to explicitly provide that consent was required of all parties "regardless of whether another party previously filed a note of issue without a demand for trial by jury." It would appear in light of this clear expression of legislative intent to protect the right to trial by jury against inadvertent waiver that if a plaintiff demands a trial by jury in a situation when he or she is not entitled to a jury trial because, for example, he or she has combined legal and equitable claims in a single action, **6** the defendant should nonetheless be entitled to rely upon that demand to protect his or her right to a jury trial. **7** Of course, the defendant also has the option in such a situation to move to strike the plaintiff's jury demand. **8**

New York Civil Practice: CPLR
Copyright 2021, Matthew Bender & Company, Inc., a member of the LexisNexis Group.

issue of damages was improperly decided by referee); Article Ten Properties, Ltd. v. Kocak, 164 A.D.2d 448, 564 N.Y.S.2d 558 (3d Dep't 1990) (jury demand cannot be withdrawn without consent of the other party); Chase Manhattan Bank, N.A. v. Kalikow, 143 A.D.2d 557, 532 N.Y.S.2d 764 (1st Dep't 1988) (a plaintiff may not withdraw a jury demand without the consent of the defendants); Russell v. Russell, 40 A.D.2d 945, 339 N.Y.S.2d 319 (4th Dep't 1972) ("Once the demand for jury trial had been made by plaintiff (and relied on by defendant), the trial court erred in permitting a withdrawal of that demand over the objection of defendant", **citing Weinstein, Korn & Miller**); Schrank v. Rensselaer Associates, Inc., 65 Misc. 2d 428, 317 N.Y.S.2d 674 (Sup. Ct. Rensselaer County 1970) ("[W]here a demand for a jury trial is included in the first note of issue filed, there is no occasion or necessity for the other party to demand a jury, and the party first demanding may not withdraw his demand for a jury without the consent of the other parties."); Schnur v. Gajewski, 207 Misc. 637, 140 N.Y.S.2d 82 (Sup. Ct. Bronx County 1955) ("By virtue of the plaintiff's own demand, this action has been frozen as a jury case, and its status in that regard cannot now be changed without consent of their adversaries.").

[2] *Cf.* Downing v. Downing, 32 A.D.2d 350, 302 N.Y.S.2d 334 (1st Dep't 1969). *See generally* CPLR 4102(a): *Party Requesting Non-Jury Trial May Not Later Object to Withdrawal of Another Party's Demand for Jury Trial*, 51 St. John's L. Rev. 806 (1977).

[3] Gonzalez v. Concourse Plaza Syndicates, Inc., 41 N.Y.2d 414, 393 N.Y.S.2d 362, 361 N.E.2d 1011 (1977). *See* also Tarantino v. New York, 148 A.D.2d 601 NY.S.2d 67 (2d Dep't 1989); Brigando v. Grumman Aerospace Corp., 78 A.D.2d 865, 433 N.Y.S.2d 35 (2d Dep't 1980).

[4] *See* Wright v. Centurion Investigations, Inc., 113 Misc. 2d 150, 450 N.Y.S.2d 936 (App. Term 2d Dep't 1982) (concurring opinion: "I concur with the result based upon the present state of the law. However, I deplore the 'gamesmanship' practiced by defendants-appellants.... Appellants filed a jury demand, thereby delaying the trial of the action. Thereafter, as the matter was about to be tried and the jury selection process had begun, appellants sought to withdraw their jury demand over plaintiff's objections.").

[5] L. 1990, ch. 582, eff. Jan. 1, 1991. *See* 1987 Report of the Advisory Committee on Civil Practice to the Chief Administrator of the Courts 21.

[6] *See, e.g.,* Connolly v. Griffin, 201 A.D.2d 371, 607 N.Y.S.2d 338 (1st Dep't 1994) (plaintiff was not entitled to a jury trial on the fourth claim in his

the plaintiff nevertheless filed a jury demand for all issues, plaintiff could not subsequently withdraw the demand without the defendant's consent); *See generally* R.C.P.S. Assocs. v. Karam Developers, 213 A.D.2d 612, 624 N.Y.S.2d 228 (2d Dep't 1995).

  *See, e.g.,* Hausner v. Mendelow, 198 A.D.2d 210, 603 N.Y.S.2d 498 (2d Dep't 1993) (by joining equitable claims for an accounting and dissolution of a partnership with a legal claim for conversion, the plaintiff waived his right to trial by jury, and defendant's motion to strike the jury demand was properly granted).

‹ Previous　　　　　　　　　　　　　　　　　　　　　　　　　　Next ›

LexisNexis

About　　　　　　　Customer Support　　1-800-455-3947　　RELX™
Privacy Policy　　　1-800-543-6862　　　1-800-45-LEXIS
Cookie Policy　　　On Demand Training　　　　　　　　　　Copyright © 2021 LexisNexis.
Terms & Conditions　Live Chat Support

https://plus.lexis.com/document/?pdmfid=1530671&crid=d02f02ed-4d8b-478f-b654-9a40231887cc&pddocfullpath=%2Fshared%2Fdocument%2Fanal…　　3/3

⧉ **Copy Citation**

New York Civil Practice: CPLR    ARTICLE 55 APPEALS GENERALLY    5521 Preferences.    5521 ANALYSIS of CPLR 5521

# ¶ 5521.01 Extensive Statutory Preferences Eliminated by CPLR

CPLR 5521 effected a fundamental change in the treatment of preferences on appeal. Section 138 and a part of section 139 of the Civil Practice Act formerly dealt with this subject.

Prior to 1940, former section 138 encompassed preferences on the trial or hearing of a case as well as preferences on appeal. In 1940, the Judicial Council criticized the arbitrary preferences granted by the section, and recommended limiting its scope to preferences on appeals and adopting a new Rule of Civil Practice regarding trial preferences. [1] Its recommendations were adopted. [2] Its rule 151 of the Rules of Civil Practice, covering trial preferences, has been continued as CPLR 3403.

While the Council's 1940 report was primarily directed at trial preferences, its criticism of former section 138 was equally applicable to preferences on appeal. For example, subdivision 3 of former section 138—allowing a preference when a party to the action died and the pendency of the action prevented a final settlement of his estate—was limited in operation to the Court of Appeals, but the reasons for allowing or denying a preference in such a case apply with equal vigor to a similar case before another appellate court.

CPLR 5221 was drafted in the "belief that the matter of preferences is more appropriately and successfully handled by appellate courts in the exercise of their discretion than by setting forth classes of preferred cases in statutes or rules." [3] The



old familiar maxim 'first come, first served, giving the right to the court for special and urgent reasons to advance a cause out of its order." [5] A few specific preferences remain in the Consolidated Laws. [6] See ¶ 5521.03 *infra*, concerning preferences in certain family court matters.

CPLR 5521(b) was amended (L. 2016, ch 487, § 2, eff. May 27, 2017) to add a reference to Public Officers Law § 89(4)(d), relating to an order requiring disclosure of documents under the Freedom of Information law.

CPLR 5521(b) was further amended in 2019, as part of a larger amendment to add reference to Public Officers Law § 89(5)(d)(ii), thereby requiring that an appeal from a denial of an exception from disclosure (under FOIL) be given a preference. [7]

New York Civil Practice: CPLR

Copyright 2021, Matthew Bender & Company, Inc., a member of the LexisNexis Group.

**Footnotes**

[1] *See* 6 N.Y. Jud. Council Rep. 267–87 (1940).

[2] *See* N.Y. Laws 1940, Ch. 247; C.P.A. § 138; R.C.P. 151.

[3] 2 N.Y. Adv. Comm. Rep. 339.

[4] *See* Plachte v. Bancroft Inc., 3 A.D.2d 437, 161 N.Y.S.2d 892 (1st Dep't 1957); Riglander v. Star Co., 98 A.D. 101, 90 N.Y.S. 772 (1st Dep't 1904), *aff'd without op.*, 181 N.Y. 531, 73 N.E. 1131 (1905); Clarke v. Eighth Ave. R.R., 114 Misc. 707, 188 N.Y.S. 14 (Sup. Ct. New York County 1920).

[5] 10 N.Y.S. Bar Ass'n Rep. 142 (1887).

L. 2019, ch. 707, eff. 6/17/2020. The Sponsor's Memorandum notes the justification for the amendment: "Under current Freedom of Information Law, a person or entity may initiate a judicial proceeding to prevent the government from disclosing records to the public if such disclosures would cause substantial injury to the competitive position of a commercial enterprise. The government is then required to expend time and money to defend its position that the record should be disclosed, a cost which is passed along to taxpayers. Unlike proceedings initiated by individuals who have been denied access to requested records, this is a situation in which a person or entity is seeking to block records from being released when the agency believes the records must be disclosed. Often, commercial enterprises initiate these proceedings to cause delays and prevent the release of records that could affect a business deal or other action. Ensuring that these proceedings are brought on for argument in an expedited manner will prevent the use of these challenges as a delay tactic."

‹ Previous                                                                                               Next ›



| About | Customer Support | 1-800-455-3947 | RELX™ |
| Privacy Policy | 1-800-543-6862 | 1-800-45-LEXIS | |
| | | | |
| Cookie Policy | On Demand Training | | Copyright © 2021 LexisNexis. |
| Terms & Conditions | Live Chat Support | | |

SUPREME COURT OF THE STATE OF NEW YORK
APPELLATE DIVISION: SECOND DEPARTMENT
------------------------------------------------------------------X

LAK3, LLC,

                      Plaintiff-Appellant,     Appeal No. 2020-08763

-against-                                                  Index No. 61510/2017

SEAN DUNN, GERALD DUNN and WELL DUNN
MAINTENANCE & CONTRACTING,

                      Defendant-Respondent.

------------------------------------------------------------------X

## AFFIRMATION OF SERVICE

      CARLOS J. CUEVAS, an attorney admitted to practice law before the Courts of the State of New York affirms under penalty of perjury:

1.     I am not a party to this appeal.

2.     I am over 18 years of age.

3.     I reside in Yonkers, New York.

4.     On January 14, 2021, I served a true copy of the Affirmation in Opposition of Carlos J. Cuevas, Esq. via NYSCEF on counsel for the Appellant, Michael Gordon, Esq.

Dated: Yonkers, New York
       January 14, 2021

                                                               /s/ Carlos J. Cuevas
                                                                 Carlos J. Cuevas