# EXHIBIT 3

To be Argued by:
**CARLOS J. CUEVAS**
*Time Requested: 15 Minutes*

# New York Supreme Court
## Appellate Division - Second Department

**Docket No. 2020-08763**

LAK3, LLC,

*Plaintiff-Appellant,*

- against -

SEAN DUNN, GERALD DUNN and WELL DUNN
MAINTENANCE & CONTRACTING,

*Defendants-Respondents.*

## BRIEF FOR DEFENDANT-RESPONDENT SEAN DUNN

**CARLOS J. CUEVAS**
*Attorney for Defendant-Respondent
Sean Dunn*
1250 Central Park Avenue
Yonkers, New York 10704
(914) 964-7060
ccuevas576@aol.com

Westchester County Clerk's Index No. 61510/17

*Appeal Press, LLC* - (914) 761-3600 (19108)

# TABLE OF CONTENTS

**PAGE**:

**PRELIMINARY STATEMENT**………………………………… 1

**QUESTION PRESENTED**…………………………………… 2

**THE STATEMENT OF THE CASE**…………………………… 2

**THE DECISION BELOW**……………………………………. 4

**ARGUMENT**

**C.P.L.R. SECTION 4102(a) IS A CLEARLY WRITTEN STATUTE THAT PRECLUDES A PARTY FROM UNILATERALLY WITHDRAWING ITS JURY DEMAND WITHOUT THE CONSENT OF THE OTHER PARTY; THEREFORE, THE TRIAL COURT'S DENIAL OF LAK3'S MOTION TO WITHDRAW ITS JURY DEMAND SHOULD BE AFFIRMED**

A. *CPLR Section 4102(a) Precludes LAK3 From Unilaterally Withdrawing Its Jury Demand Without the Consent of Messrs. Sean Dunn and Gerald Dunn*…………………………………. 5

B. *Prejudice Would Inure to Messrs. Sean Dunn and Gerald Dunn if LAK3 Were Permitted to Unilaterally Withdraw Its Jury Demand*……………………………………………. 8

C. *The Cases Cited by LAK3 are Inapposite or Distinguishable* 9

D. *LAK3's Remaining Arguments Concerning the Purported Justifications for Its Attempted Withdrawal of Its Jury Demand are Unavailing* …………………………………………… 9

**CONCLUSION**…………………………………………….. 10

# TABLE OF AUTHORITIES

**CASES:** **PAGE:**

*Freidus v. Eisenberg*,
110 A.D.2d 800, 488 N.Y.S.2d 207 (2nd Dept. 1985)……………..  9

*Muhl v. Vesta Fire Ins. Corp.*,
288 A.D.2d 108, 733 N.Y.S.2d 163 (1st Dept. 2001)……………..  8

*Parochial Bus Systems, Inc. v. Board of Educ. of City of New York*,
60 N.Y.2d 539, 458 N.E.2d 1241, 470 N.Y.S.2d 564 (1983)……..  7

*Patrolmen's Benev. Ass'n of City of New York v. City of New York*,
41 N.Y.2d 205, 359 N.E.2d 1338, 391 N.Y.S.2d 544 (1976)……..  1, 6, 7

*Sapp v. Propeller Co. LLC*,
12 A.D.3d 218, 784 N.Y.S.2d 532 (1st Dept. 2004)………………  9

*Tarantino v. City of New York*,
148 A.D.2d 601, 539 N.Y.S.2d 67 (2nd Dept. 1989)……………..  9

**CONSTITUTIONAL PROVISIONS:**

N.Y. Const. Art. 1, § 2……………………………………………  1, 8, 9

**STATUTE:**

N.Y. C.P.L.R. § 4102(a)……………………………………….  *Passim*

**SECONDARY AUTHORITIES:**

David Siegel, N.Y. C.P.L.R. § 4102 *Practice Commentaries*
C: 4102:2……………………………………………………………  5, 6

8 Jack Weinstein, Harold Korn & Arthur Miller, *New York Civil Practice: CPLR ¶ 4102.05* (2020)………………………………..  6

## PRELIMINARY STATEMENT

This appeal concerns the Appellant's, LAK3, LLC ("LAK3") attempted unilateral withdrawal of its jury demand over the objections of Messrs. Sean Dunn and Gerald Dunn. LAK3 is attempting to deprive Messrs. Sean Dunn and Gerald Dunn of a fundamental right, the right of a jury trial, that is protected by the New York State Constitution. N.Y. Const. Art. 1, § 2.

C.P.L.R. Section 4102(a), which governs the withdrawal of a jury demand, contains an unequivocal command that prohibits the withdrawal of a jury demand absent the consent of the other party. N.Y. C.P.L.R. § 4102(a). LAK3 desires that this Court disregard the unambiguous language of C.P.L.R. Section 4102(a). LAK3 seeks an interpretation of C.P.L.R. 4102(a) that would eviscerate the plain meaning of this important statute that protects the right to a jury trial. A basic tenet of statutory interpretation is that a clearly written statute should be construed to give effect to the plain meaning of its words. *Patrolmen's Benev. Ass'n of City of New York v. City of New York*, 41 N.Y.2d 205, 208, 359 N.E.2d 1338, 391 N.Y.S.2d 544 (1976).

Mr. Sean Dunn and Mr. Gerald Dunn objected to LAK3's attempted withdrawal of its jury demand. (R. 24-54). The trial court found that prejudiced would inure to Messrs. Sean Dunn and Gerald Dunn if LAK3 were permitted to withdraw its jury demand. (R. 8-9). The trial court denied LAK3'S Motion to Withdraw Its

1

Jury Demand. It is respectfully represented that the order denying LAK's motion to withdraw its jury demand should be affirmed.

## QUESTION PRESENTED

Whether the trial court erred in denying the LAK3's Motion to Withdraw Its Jury Demand pursuant to C.P.L.R. Section 4102(a) when the Respondents objected to the withdraw of its jury demand and the Respondents would be prejudiced by the withdrawal of the jury demand?

## THE STATEMENT OF THE CASE

On August 4, 2017, LAK3 commenced this civil action against the Defendants. (Dkt. No. 1). On September 29, 2017, the Defendants interposed a Verified Answer with Counterclaims that denied the material allegations the Complaint. (Dkt. No. 6).

On September 17, 2018, Mr. Sean Dunn filed a Chapter 7 petition in the United States Bankruptcy Court for the Southern District of New York, *In re Dunn*, Case No. 18-36566(CGM). (Bankr. Dkt. 1). Thereafter, LAK3 filed an adversary proceeding objecting to the dischargeability of its debt and Mr. Dunn's discharge, *LAK3, LLC v. Dunn*, Adv. Pro. No. 18-9038(CGM). (R 28). On March 22, 2019, LAK3 obtained relief from the automatic stay in the United States Bankruptcy Court so that it could proceed to trial in the Supreme Court of the State of New York instead of the United States Bankruptcy Court. (R 28, 31-32). LAK3

made a strategic litigation decision to proceed with a jury trial in the Supreme Court of the State of New York rather than a non-jury trial in the United States Bankruptcy Court. (R 28).

LAK3 failed to personally appear for three Pre-Trial Conferences conducted in its adversary proceeding. (R 28). Consequently, LAK3's adversary proceeding was dismissed for the failure to prosecute. (R 28). The United States District Court reversed the dismissal of the LAK3 adversary proceeding, and it remanded for a more appropriate sanction. (R28). LAK3 was sanctioned by the Bankruptcy Court for its failure to appear at three Pre-Trial Conferences. *LAK3, LLC v. Dunn*, Adv. Pro. 18-9038(CGM)(Bankr. Adv. Pro. Dkt. No. 63).

On October 18, 2019, LAK3 filed its Note of Issue that demanded trial by jury on all issues. (Dkt. No. 236). On September 8, 2020, counsel for LAK3 wrote to Justice Wood concerning his client's intent to withdraw its demand for a jury trial. (Dkt. No. 309)(R 16). On September 11, 2020, counsel for Mr. Sean Dunn wrote to Justice Wood opposing LAK3's withdrawal of its jury demand. (Dkt. No. 310). On September 15, 2020, Justice Wood conducted a video conference with counsel concerning LAK3's withdrawal of its jury demand. (R 5,16).

On September 18, 2020, LAK3 made a Motion to Withdraw Its Jury Demand (the "Motion"). (R 9-10). Messrs. Sean Dunn and Gerald Dunn opposed the Motion. (R 24-54). Mr. Sean Dunn objected to LAK3's attempted withdrawal of

its jury demand because LAK3 sought relief that was contrary to the express language of C.P.L.R. 4102(a). (R. 25-26). Mr. Sean Dunn desired a trial by jury. (R. 27).

Mr. Gerald Dunn also objected to LAK3's attempted withdrawal of its jury demand. (R. 52). Mr. Gerald Dunn contended that he would be prejudiced by a non-jury trial. (R. 52). Mr. Gerald Dunn reasoned that the issues of credibility to be made at the trial would be better made by a collective conscience of his peers from Westchester County rather than by an individual (R. 52). A jury was better suited to act as a fact-finder and apply real life experiences to the nuanced facts in the case at bar. (R. 52-53).

## **THE DECISION BELOW**

Justice Wood denied the Motion. (R. 8). Pursuant to C.P.L.R. 4102(a), a party may only withdraw a demand for a jury trial if the other party consents and no undue prejudice would result to the other party. (R. 7). Justice Wood stated:

> In light of the foregoing, and while a court is presumed capable of disregarding a prejudicial aspect of the evidence, nonetheless, this court finds that as defendants raise that they may suffer prejudice by having a bench trial, and plaintiff has not presented any factor that would qualify it for an expedited trial, to protect the rights of all parties, the court finds that the better course is to proceed with a jury trial. Accordingly, plaintiffs motion to withdraw its demand for a jury trial is denied.

(R. 7-8).

# ARGUMENT

## C.P.L.R. SECTION 4102(a) IS A CLEARLY WRITTEN STATUTE THAT PRECLUDES A PARTY FROM UNILATERALLY WITHDRAWING ITS JURY DEMAND WITHOUT THE CONSENT OF THE OTHER PARTY; THEREFORE, THE TRIAL COURT'S DENIAL OF THE MOTION SHOULD BE AFFIRMED

A. *CPLR Section 4102(a) Precludes LAK3 From Unilaterally Withdrawing Its Jury Demand Without the Consent of Messrs. Sean Dunn and Gerald Dunn*

C.P.L.R. Section 4102(a) governs the withdrawal of a demand for a jury trial. N.Y. C.P.L.R. § 4102(a). C.P.L.R. Section 4102(a) states:

> Any party may demand a trial by jury of any issue of fact triable of right by a jury, by serving upon all other parties and filing a note of issue containing a demand for trial by jury. Any party served with a note of issue not containing such a demand may demand a trial by jury by serving upon each party a demand for a trial by jury and filing such demand in the office where the note of issue was filed within fifteen days after service of the note of issue. A demand shall not be accepted for filing unless a note of issue is filed in the action. If no party shall demand a trial by jury as provided herein, the right to trial by jury shall be deemed waived by all parties. <u>A party may not withdraw a demand for trial by jury without the consent of the other parties, regardless of whether another party previously filed a note of issue without a demand for trial by jury</u>. (Emphasis added).

N.Y. C.P.L.R. § 4102(a).

Professor David Siegel has made the following comments concerning C.P.L.R. Section 4102(a) and the withdrawal of a jury demand:

> <u>The party demanding the jury can withdraw the demand only with the consent of the other parties</u>. So, even if party X did not itself demand

a jury, X can withhold permission to the withdrawal of the jury demand by Y, the only party who demanded a jury, if Y later attempts to withdraw it. A 1990 amendment that added the "regardless" clause to the last sentence of CPLR 4102(a) makes that clear no matter who demanded the jury, or by what means. (Emphasis added).

David Siegel, N.Y. C.P.L.R. § 4102 *Practice Commentaries* C: 4102:2.

A leading treatise on New York civil practice has made the following observations concerning C.P.L.R. Section 4102(a) and the withdrawal of a jury demand:

> CPLR 4102(a) provides that a party who has made a jury demand may not withdraw it unless all other parties consent. The provision protects a party who relies upon a jury demand made by another party and forbears from making a similar demand. Prior to its amendment in 1990, CPLR 4102(a) was held not to protect a party who filed a note of issue and expressly specified that the case should be tried without a jury. (Footnotes omitted).

8 Jack Weinstein, Harold Korn & Arthur Miller, *New York Civil Practice: CPLR ¶ 4102.05* (2020).

The leading scholars of the C.P.L.R. are in agreement that under C.P.L.R. Section 4102(a) that a party cannot unilaterally withdraw its jury demand over the objection of the other party. LAK3 seeks an unorthodox interpretation of C.P.L.R. Section 4102(a) that is contrary to mainstream scholarly thought.

It is fundamental that a court, in interpreting a statute, should attempt to effectuate the intent of the Legislature and where the statutory language is lucid and unambiguous, the court should construe it so as to give effect to the plain meaning of the words employed. *Patrolmen's Benev. Ass'n of City of New York v. City of*

*New York*, 41 N.Y.2d 205, 208, 359 N.E.2d 1338, 391 N.Y.S.2d 544 (1976). A statute must be read and given effect as it is written by the Legislature, however not as a court might think it should or would have been written if the Legislature had envisaged all the problems and complications which might arise. *Parochial Bus Systems, Inc. v. Board of Educ. of City of New York*, 60 N.Y.2d 539, 548-59, 458 N.E.2d 1241, 470 N.Y.S.2d 564 (1983).

    C.P.L.R. Section 4102(a) has an unequivocal mandate that a jury demand cannot be withdrawn unless the other party has granted its consent. N.Y. C.P.L.R. § 4102(a). LAK3 seeks that this Court adopt a tortured interpretation of C.P.L.R. Section 4102(a) is contrary to the clear language of this important statute. LAK3's contrived interpretation would abolish the protection of the right to a jury trial. LAK3 seeks that this Court adopt an interpretation of C.P.L.R. Section 4102(a) that no other court has adopted.

    It is respectfully represented that it is incumbent upon this Court to implement the clear language of the Legislature. *Parochial Bus Systems, Inc. v. Board of Educ. of City of New York*, 60 N.Y.2d 539, 548-59, 458 N.E.2d 1241, 470 N.Y.S.2d 564 (1983). Under the express provisions of C.P.L.R. Section 4102(a) the objections of Messrs. Sean and Gerald Dunn preclude LAK3 from withdrawing its jury demand. N.Y. C.P.L.R. § 4102(a). Therefore, the order denying the Motion should be affirmed.

*B. Prejudice Would Inure to Messrs. Sean Dunn and Gerald Dunn if LAK3 Were Permitted to Unilaterally Withdraw Its Jury Demand*

The Appellate Division, First Judicial Department has stated that a jury demand cannot be withdrawn without the consent of the other party unless it will cause no "undue prejudice" to the other party. *Muhl v. Vesta Fire Ins. Corp.*, 288 A.D.2d 108, 109, 733 N.Y.S.2d 163 (1st Dept. 2001).

Trial by jury in a civil action is an important right protected by the New York State Constitution. N.Y. Const. Art. 1, § 2. The pertinent provision of the New York State Constitution states:

> Trial by jury in all cases in which it has heretofore been guaranteed by constitutional provision shall remain inviolate forever; but a jury trial may be waived by the parties in all civil cases in the manner to be prescribed by law.

N.Y. Const. Art. 1, § 2.

Mr. Gerald Dunn contended that he would be prejudiced by a non-jury trial. (R. 52). Mr. Gerald Dunn reasoned that the issues of credibility to be made at the trial would be better made by a collective conscience of his peers from Westchester County rather than by an individual (R. 52). A jury would be better suited to act as a fact-finder and apply real life experiences to the nuanced facts in the case at bar. (R. 52-53). The ability to be judged by your peers is fundamental to the American jury system and the American system of justice.

*C. The Cases Cited by LAK3 are Inapposite or Distinguishable*

LAK3's reliance on *Sapp v. Propeller Co. LLC*, 12 A.D.3d 218, 784 N.Y.S.2d 532 (1st Dept. 2004) is misplaced. There, the First Department reversed the granting of a motion to withdraw a jury demand. The court stated:

> We reverse. Under CPLR 4102(a), defendants had no right to withdraw their jury demand without plaintiffs' consent (*see Muhl v. Vesta Fire Ins. Corp.,* 297 A.D.2d 213, 214, 745 N.Y.S.2d 691 [2002]; *Chase Manhattan Bank v. Kalikow,* 143 A.D.2d 557, 559, 532 N.Y.S.2d 764 [1988] ).

*Id.* at 219. *Sapp*, reflects that LAK3's position is contrary to the express language of C.P.L.R. Section 4102(a) and contrary to applicable case law.

Similarly, LAK3's reliance on *Tarantino v. City of New York*, 148 A.D.2d 601, 539 N.Y.S.2d 67 (2nd Dept. 1989) and *Freidus v. Eisenberg*, 110 A.D.2d 800, 488 N.Y.S.2d 207 (2nd Dept. 1985) is unwarranted because these decisions were issued prior to the 1992 amendment to C.P.L.R. 4102(a).

*D. LAK3's Remaining Arguments Concerning the Purported Justifications for Its Attempted Withdrawal of Its Jury Demand are Unavailing*

The right to a jury trial in a civil case is a fundamental right protected by the New York Constitution. N.Y. Const. Art. 1, § 2. C.P.L.R. Section 4102(a) is a clearly drafted statute intended to protect a civil litigant's right to a jury trial. N.Y. C.P.L.R. § 4102(a).

LAK3 has made serious allegations against Messrs. Sean Dunn and Gerald Dunn, including alleged fraud and diversion of trust funds. (R. 12). Messrs. Sean Dunn and Gerald Dunn have ardently stated that they desire a jury trial. (R. 24-54). During this pandemic the Legislature has not abrogated the protection afforded by C.P.L.R. Section 4102(a). To provide relief to LAK3 by withdrawing its jury demand this Court would have to disregard C.P.L.R. Section 4102(a) and deny Messrs. Sean Dunn and Gerald Dunn a jury trial, which would be a denial of due process of law. Consequently, LAK3's argument concerning the alleged denial of its right to due process of law if it is not permitted to withdraw its jury demand is untenable.

## **CONCLUSION**

For all the reasons set forth herein, the order of the trial court should be affirmed.

Dated: Yonkers, New York
      January 22, 2021

    Respectfully Submitted,
CARLOS J. CUEVAS, ESQ.
Attorney for Respondent
SEAN DUNN

By: */s/ Carlos J. Cuevas*
    Carlos J. Cuevas
    1250 Central Park Avenue
    Yonkers, New York 10704
    Tel. No. 914.964.7060
    Fax No. 914.423.6117
    Email ccuevas576@aol.com

# **PRINTING SPECIFICATIONS STATEMENT**
Pursuant to 22 NYCRR § 1250.8(f) and (j)

The foregoing brief was prepared on a computer. A proportionally spaced typeface was used, as follows:

    Name of typeface: Times New Roman

    Point size: 14

    Line spacing: Double

The total number of words in the brief, inclusive of point headings and footnotes and exclusive of pages containing the table of contents, table of citations, proof of service, printing specifications statement, or any authorized addendum containing statutes, rules and regulations, etc. is 2,436 words.

Dated: Yonkers, New York
      January 22, 2021

                                      /s/ Carlos J. Cuevas
                                          Carlos J. Cuevas